Scott v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-458-CR

MARLON A. SCOTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marlon A. Scott appeals his conviction for aggravated sexual assault.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  
This court provided Appellant the opportunity to file a pro se brief, but he did not. 
 Because we hold that any appeal from this case would be frivolous, we will grant counsel’s motion to withdraw and affirm the trial court’s judgment
.

Appellate counsel’s brief and motion meet the requirements of 
Anders v. California 
by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  The brief presents a discussion of three potential sources of error.  In the brief’s first two points, appellate counsel addresses whether the trial court erred by overruling Appellant’s objection to the complainant’s redacted medical records.  In the third point, appellate counsel addresses whether the trial court erred by sustaining the State’s objections to questions posed to the complainant during Appellant’s case on the grounds that they were repetitive and cumulative. 

At trial, the State offered all but one page of the records of the complainant’s post-assault medical examination.  The excluded page contains test results reporting that the complainant’s blood tested positive for chlamydia. Appellate counsel points out that Appellant could argue that the trial court’s admitting the redacted version of the medical records violated rule of evidence 107, the rule of optional completeness, and rule 412, which concerns evidence of the victim’s previous sexual conduct.  
Tex. R. Evid.
 107, 412.  

Appellant argued at trial that evidence of the complainant’s chlamydia infection was relevant to her motive for accusing Appellant of sexual assault because the bite mark that Appellant left on her ear made it necessary for her to come up with an explanation for her encounter with Appellant.  Appellant claimed that evidence of the complainant’s chlamydia was relevant because “she had obviously had sex with someone else, if not the boyfriend.”  
See 
Tex. R. Evid.
 412(b)(2)(c), (b)(3) (providing that evidence of 
specific instances of an alleged victim’s past sexual behavior is not admissible unless 
it 
relates to the motive or bias of the alleged victim and its probative value outweighs the danger of unfair prejudice)
.  However, as the trial court pointed out, it was clear that the complainant had sex with someone else because she testified that she was two and a half to three months pregnant at the time of the assault.  Evidence of the complainant’s prior sexual activities does not imply that she would fabricate sexual assault charges against Appellant in this case.   Furthermore, the admission of the redacted medical records did not violate rule 107 because the omission of the chlamydia test results did not create a misleading impression.  
See 
Tex. R. Evid.
 107; 
West v. State
, 121 S.W.3d 95, 103 (Tex. App.—Fort Worth 2003, pet. ref’d) (stating that rule 107 permits the introduction of otherwise inadmissible evidence when necessary to fully and fairly explain a matter opened up by the adverse party); 
Jones v. State
, 963 S.W.2d 177, 182 (Tex. App.—Fort Worth 1998, pet. ref’d) (“The so-called rule of optional completeness takes effect when other evidence has already been introduced but is incomplete and misleading.”)  Accordingly, 
w
e cannot say that the trial court abused its discretion in excluding evidence of the complainant’s prior sexual history in the form of her sexually transmitted disease.  
See
 Robbins v. State
, 88 S.W.3d 256, 259-60 (Tex. Crim. App. 2002) (stating that a trial court does not abuse its discretion in making an evidentiary ruling as long as the ruling is within the zone of reasonable disagreement).
  We overrule appellate counsel’s first two potential grounds of error.

Appellate counsel further suggests that Appellant could argue that the trial court abused its discretion when it sustained the State’s objections to his examination of the complainant as “repetitious.”  When Appellant’s trial counsel cross-examined the complainant during the State’s case-in-chief, counsel asked the complainant the hours her boyfriend worked, when her boyfriend usually arrived home from work, when her encounter with Appellant began and ended, and when her boyfriend returned home from work the day of her encounter with Appellant.  The next day, after the State rested its case, Appellant’s trial counsel called the complainant to the stand and asked her again what hours her boyfriend worked, when her boyfriend got off work, and when he arrived home from work.  Appellant’s trial counsel also offered a chart made during the complainant’s cross-examination the day before that was based on the complainant’s cross-examination testimony.  The State objected to these questions as repetitious and to the chart as cumulative, repetitious, and hearsay, and the trial court sustained the objections.

The trial court judge may exercise his or her discretion to prevent repetitive interrogation.  
Carroll v. State
, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996) (citing 
Delaware v. Van Arsdall
, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986)).  Therefore, the trial court did not err in limiting Appellant’s examination of the complainant because her prior responses sufficiently answered the questions and any response to the excluded questions would have been repetitive.  
See Van Arsdall
, 475 U.S. at 679, 106 S. Ct. at 1435.  We overrule appellate counsel’s third potential ground of error.

Once court-appointed appellate counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we must undertake an independent examination of the record to see if there is any arguable ground that may be raised on the appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Our independent review of the record shows that, in addition to the matters we have already addressed, there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors; the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004-05); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The trial court properly charged the jury on the charged offense and the applicable range of punishment, and the punishment assessed is within the statutory range.  
See
 
Tex. Penal Code Ann.
 §§ 12.42(d), 22.021 (Vernon 2004-05)
.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.